IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00618-BNB

KYNAN SCOTT ARNOLD,

    Plaintiff,

v.

OFFICER B. STECKLER,
OFFICER LAURILA,
MICHAEL JELMO,
TERRY MAKETA, and
J. PATRICK KELLY,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Kynan Scott Arnold, is in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado.  Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 that challenges his detention from his arrest on March 28, 2009, until his first appearance on April 9, 2009.  After review, Magistrate Judge Boyd N. Boland determined that it is clear from the face of the Complaint that the cause of action accrued on March 31, 2009, and Plaintiff was aware of the Fourth Amendment violation based on the judge's statement to Plaintiff that his Fourth Amendment rights were violated and he should be released.  Magistrate Judge Boland, therefore, directed Plaintiff to respond and show cause why the action should not be dismissed as time-barred because more than two years have passed since the cause of action accrued.  Plaintiff filed a Response on June 5, 2014.  For the following reasons, the Court will

dismiss the Complaint and action pursuant to 28 U.S.C. § 1915A(b)(1) because the action is time barred.

Plaintiff concedes that within fifty-nine hours he appeared before a judge who determined the facts in the arresting officer's affidavit established probable cause for Plaintiff's detention.  Based on *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), a probable cause determination can be made without an adversary hearing using the same standard used for an arrest, that there is "probable cause to believe the suspect has committed a crime," which traditionally is "decided by a magistrate in a nonadversary proceeding on hearsay and written testimony," *id.* at 120.  The Tenth Circuit has found that a determination of probable cause constitutes the initiation of legal process.  *See Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009) (Even though a "probable cause determination by a judicial officer was not given as one of the examples of legal process in *Wallace*, the Court was not providing a complete list of situations that could constitute the initiation of legal process.")  A claim of false imprisonment accrues when the defendant becomes held pursuant to legal process.  *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007).

Plaintiff's Fourth Amendment claim, therefore, involves a detention that was no longer than fifty-nine hours and accrued on March 31, 2009, at 10:00 a.m., when he appeared before a judge and the judge determined probable cause.

In the Order to Show Cause, Magistrate Judge Boland found:

> The limitation period for an action under 42 U.S.C. § 1983 is
> set by the personal injury statute in the state where the
> cause of action accrues.  *Garcia v. Wilson*, 731 F.2d 640,
> 650-51 (10th Cir. 1984).  In Colorado, the limitations period
> for a personal injury action is two years.  Colo. Rev. Stat. §
> 13-80-102.  Plaintiff filed this action on February 26, 2014,

> almost three years after the two-year statute of limitations expired on March 31, 2011.
>
> A court may "consider affirmative defenses sua sponte" for purposes of dismissal under § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fractus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987) (internal quotations omitted)). It is clear from the face of Plaintiff's Complaint that the cause of action accrued on March 31, 2009, and Plaintiff was aware of the Fourth Amendment violation based on the judge's statement that Plaintiff's Fourth Amendment rights were violated and he should be released.
>
> "[W]hen a federal statute [42 U.S.C. § 1983] is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well . . . ." *See Ehimeshoff v. Hartford Life & Accident Insurance Co., et al.*, — U.S. —, 134 S. Ct. 604, 616 (2013) (citing *Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980) (in § 1983 actions "a state statute of limitations and the coordinate tolling rules" are "binding rules of law"). The State of Colorado recognizes the doctrine of equitable tolling, which applies "when flexibility is required to accomplish the goals of justice." *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (quotations omitted). Plaintiff does not allege that equitable tolling applies. And, "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). Also, equitable tolling applies only when "plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Morrison,* 91 P.3d at 1053. Nothing in the Complaint suggests any extraordinary circumstances that prevented Plaintiff from timely filing his § 1983 action.

Show Cause Ord., ECF No. 8, at 4-5.

In the Response, Plaintiff contends that he is entitled to equitable tolling because his situation is similar to the plaintiff in *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*,

702 F.2d 857 (10th Cir. 1983).  Resp., ECF No. 11, at 2.  Plaintiff asserts that the circumstances in this case, like the circumstances in *Gonzalez*, rise to the level of active deception which might invoke the powers of equity to toll the limitations period.  *Id.*  Plaintiff further asserts that he was misled into believing the alleged clerical error qualified as an extraordinary circumstance for exceeding the forty-eight hour period in which a probable cause hearing is required to be held.  *Id.* at 3.  Plaintiff also contends that he was not represented by counsel at the time the release order was vacated and no findings of facts and conclusions of law were provided for the court's decision to vacate the bench release order.  *Id.* at 4.

Plaintiff's reliance on *Gonzalez* is misplaced.  The plaintiff in *Gonzalez* relied on the correspondence from the clerk of the District Court of the District of New Mexico that stated the filing of a notice of an EEOC right to sue letter in a federal district court tolled the running of the days by which the plaintiff was required to initiate a cause of action after receiving the notice of right to sue.  *Gonzalez*, 702 F.2d at 858.  Unlike *Gonzalez*, the court in Plaintiff's probable cause hearing did not tell him that any challenge to the court's decision would be tolled for a period of time.  Second, Plaintiff was notified of a conceivable violation of his Fourth Amendment rights when he appeared before a judge on March 31, 2009, and the judge stated that probable cause was established but the affidavit showing probable cause was not timely reviewed by the court.  *See* Mar.26, 2014 Compl., ECF No. 5, at 4-5.

Under Colorado law, a "limitation period should not be tolled for fraudulent concealment unless a plaintiff "is unable, by reasonable diligence, to discover the facts necessary for determining the existence of a claim for relief.' " *See BP American Prod.*

*Co., f/k/a/ Amoco Prod. Co., v. Patterson, et al.*, 263 P.3d 103, (Colo. 2011) (quoting *First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1201 (Colo. 1987)).  The subsequent decision to vacate the order for a bench release without explanation is not a deceptive act by the state court that would lull Plaintiff into inaction.  The judicial decision to vacate an order for a bench release was subject to challenge by Plaintiff at the time the judge entered the decision.  Plaintiff was fully aware of the factual basis of his claim no later than April 1, 2009.

Furthermore, the lack of representation at the time the order for a bench release was vacated and the court's failure to provide a statement of facts and conclusions for vacating the release order do not support a finding of deceit.  Plaintiff also was fully aware of the factual basis for both of these claims no later than April 1, 2009.

Even if the Court construes Plaintiff's argument as an ignorance of the law claim, his ignorance does not warrant equitable tolling.  *See, e.g., Ormiston v. Nelson*, 117 F.3d 69, 72 n. 5 (2d Cir.1997); *Taylor v. Plousis*, 101 F. Supp.2d 255, 270 (D.N.J.2000); *Crowder v. Master Fin., Inc.*, 176 Md. App. 631, 933 A.2d 905, 927 (2007); *cf. People v. White*, 981 P.2d 624, 626 (Colo. App.1998)(ignorance of time bar contained in section 16–5–402, C.R.S.2007, does not constitute justifiable excuse or excusable neglect to avoid its application).

As stated above, the judge in the March 31 hearing made Plaintiff aware of a possible Fourth Amendment violation when he stayed the order for a bench release.  Based on this finding, Plaintiff has failed to assert any deceptive act by the state court that would support equitable tolling.  The Court, therefore, will dismiss the Complaint and action as time barred.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and *in forma pauperis* status properly is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Complaint and action are dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as time-barred. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED June 20, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court